IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICH AUREL, #317239 | * | |
|    *Plaintiff* | | : |
| v. | * | |
| | | |
| UNITED STATES OF AMERICA | * | |
| MARYLAND STATE | | |
| NORTH BRANCH CORRECTIONAL | * | CIVIL ACTION NO. ELH-17-2158 |
|    INSTITUTION MAILROOM | | |
| MARY JANE ROSE | * | |
| W.C.I MAIL ROOM STAFF | | |
|    *Defendants*. | * | |

******

## **MEMORANDUM**

On July 31, 2017, the court received a prisoner civil rights action and motion for leave to proceed in forma pauperis filed by Mich Aurel[1], an inmate confined at the North Branch Correctional Institution ("NBCI"). Aurel claims that he has insufficient funds to post outgoing mail and that commencing February 1, 2017, he has been denied access to outgoing indigent mail or had his outgoing indigent mail destroyed. Aurel contends that his outgoing letters to overseas family and friends, politicians, embassies, media, out-of-state courts, and to correctional staff have been denied or destroyed.[2] He provides a chronology of dates when "no funds" outgoing correspondence

---

[1] The Maryland Department of Public Safety and Correctional Services ("DPSCS") lists plaintiff as Mich Aurel on its "inmate locator" website. Although plaintiff was prosecuted as Aurel Mich in the Maryland courts, I will refer to him per the DPSCS designation of Mich Aurel.

[2] The court observes that Aurel's outgoing mail, sent to this court on or about February 1, April 24, and July 12, 2017, was received for filing. *See Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-17-335 (D. Md.); *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-17-336 (D. Md.); and *Aurel v. Wexford, et al.*, Civil Action No. ELH-17-1201 (D. Md.).

were allegedly not mailed out of the prison. ECF 1 at 2-4. Aurel seeks $1,000,000.00 in damages and transfer to another correctional facility. *Id*. at 5.

This case represent the thirty-fourth action Aurel has filed in this court over the past five years.[3] In three of those cases Aurel was granted leave to proceed in forma pauperis pursuant to the provisions of 28 U.S.C. § 1915(a). Those cases were dismissed as frivolous or for the failure to state a claim. He was notified that the dismissals constituted "strikes" under § 1915(e),[4] and that a prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a

---

[3] In addition to this action, Aurel has filed thirty-three prior cases in this court. They are *Aurel v. United States.*, Civil Action No. JKB-11-1297 (D. Md.); *Aurel v. Wexford*, Civil Action No. ELH-13-3721 (D. Md.); *Aurel v. Jefferson, et al.*, Civil Action No. ELH-14-352 (D. Md.); *Aurel v. Shearin, et al.*, Civil Action No. ELH-14-374 (D. Md.); *Aurel v. Jessup Correctional Institution Mail Room,* Civil Action No. ELH-14-958 (D. Md.); *Mich v. Nice, et al.*, Civil Action No. JKB-14-1397 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, ELH-14-3036 (D. Md.); *Mich v. Yacenech, et al.*, Civil Action No. JKB-14-1473 (D. Md.); *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-15-1797 (D. Md.); *Aurel v. Pennington, et al.,* Civil Action No. JKB-14-1859 (D. Md.); *Aurel v. Mail Room at North Branch Correctional Institution, et al.*, ELH-14-2813 (D. Md.); *Aurel v. Warden*, ELH-15-258 (D. Md.); *Aurel v. Warden*, ELH-15-1127 (D. Md.); *Aurel v. Warden.*, ELH-15-1128 (D. Md.); *Aurel v. Miller, et al.*, ELH-15-1422 (D. Md.); *Aurel v. Kammauf, et al.*, ELH-15-1581 (D. Md.); *Aurel v. Gainer, et al.*, ELH-15-1750 (D. Md.); *Aurel v. Twigg*, ELH-15-1920 (D. Md.); *Aurel v. Jones, et al.*, ELH-15-1928 (D. Md.); *Aurel v. Rose.*, ELH-15-2604 (D. Md.); *Aurel v. Thrasher*, ELH-15-3142 (D. Md.); *Aurel v. Sawyers, et al.*, Civil Action No. ELH-16-280 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, Civil Action No. ELH-16-850 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, Civil Action No. ELH-16-851 (D. Md.); *Aurel v. Warden*, Civil Action No. ELH-16-1494 (D. Md.); *Aurel v. Nines*, Civil Action No. ELH-16-1839 (D. Md.); *Aurel v. Fornay, et al.*, Civil Action No. ELH-16-2941 (D. Md.); *Aurel v. Nines, et al.*, Civil Action No. ELH-16-2942 (D. Md.); *Aurel v. Bohrer*, Civil Action No. ELH-16-3858; *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-17-335 (D. Md.); *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-17-336 (D. Md.); and *Aurel v. Wexford, et al.*, Civil Action No. ELH-17-1201 (D. Md.).

[4] *See Mich v. Nice, et al.*, Civil Action No. JKB-14-1397 (D. Md.); *Aurel v. Gainer, et al.*, ELH-15-1750 (D. Md.); and *Aurel v. Jones, et al.*, ELH-15-1928 (D. Md.).

2

court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[5]

Aurel has had three cases previously dismissed under 28 U.S.C. § 1915(g). Therefore, he may not procced in this action unless he (1) submits the $400.00 civil filing fee or (2) moves to proceed in forma pauperis and provides particularized factual allegations establishing that he is subject to imminent danger of serious physical injury. Aurel does not allege he faces imminent danger of serious physical injury at the time he filed his Complaint, and there is no plausible basis for concluding such a danger existed. *See Sayre v. King*, 2014 WL 4414509, * 3 (N.D. W. Va. 2014) (stating that a prisoner's claim that he was denied access to all of his legal materials does not rise to the level of imminent danger of serious physical injury satisfying § 1915(g) exception).

Aurel is forewarned that should he attempt to file future civil rights actions in this court, they must be accompanied by the civil filing fee. In the alternative, if Aurel files a complaint with an indigency application, he must assert and demonstrate that he is in imminent danger of serious physical harm.

---

[5] Specifically, §1915g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Accordingly, Aurel's motion to proceed in forma pauperis shall be denied and his consolidated complaint shall be dismissed, without prejudice, by separate Order.


Date: August 2, 2017  
_____  
Ellen L. Hollander  
United States District Judge